935 F.2d 1289
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Perneller L.C. WILSON, Plaintiff-Appellant,
v.
ROANOKE MEMORIAL HOSPITAL, Defendant-Appellee.
 No. 90-2500.
 United States Court of Appeals, Fourth Circuit.
 Submitted March 28, 1991.
Decided June 21, 1991.
 
 Appeal from the United States District Court for the Western District of Virginia, at Roanoke. Jackson L. Kiser, District Judge. (CA-83-777-R)
 Perneller L.C. Wilson, appellant pro se.
 Frank K. Friedman, Woods, Rogers & Hazlegrove, Roanoke, Va., for appellee.
 W.D.Va.
 AFFIRMED.
 Before MURNAGHAN, SPROUSE and NIEMEYER, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Perneller L.C. Wilson worked as a nursing assistant at Roanoke Memorial Hospital from 1966 until being fired in 1981 for falsifying patient records. After exhausting her administrative remedies, Wilson sued the hospital for injunctive relief and monetary damages on the grounds that the stated reasons for her termination were pretextual for what was a racially discriminatory firing, in violation of Title VII, 42 U.S.C. Sec. 2000e, et seq.[1] Following a bench trial the district court made findings of fact and conclusions of law adverse to Wilson, entered judgment for Roanoke Memorial Hospital, and dismissed the action on the merits. Proceeding pro se, Wilson noted a timely appeal. We affirm.
 
 
 2
 Wilson's firing arose from her alleged failure to take and graphically chart a patient's vital signs prior to surgery. When Wilson's supervisor confronted her about her failure to chart the patient's signs, Wilson maintained that she took the patient's vital signs while the patient remained asleep and that she (Wilson) had the vital signs information on a slip of paper in her pocket and that she was preparing to reduce the information to chart form when other duties called her away. The supervisor concluded that Wilson did not take the patient's vital signs and charged Wilson with falsifying patient information, an action the hospital's employees handbook treats as serious misconduct which may result in immediate termination. Thus Wilson was fired. Wilson charged the hospital with a racially discriminatory firing.
 
 
 3
 In order to make out a prima facie case Title VII, 42 U.S.C. Sec. 2000e et seq., plaintiff must show by a preponderance of the evidence that she is a member of a protected class; that she was qualified for her job; that she was discharged; and that the position remained open to similarly qualified applicants. McDonnell Douglas Corp. v. Green, 411 U.S. 792, 802 (1973). Though Wilson has arguably shown all of these elements of a prima facie case, raising an inference of discrimination, see Texas Dep't of Community Affairs v. Burdine, 450 U.S. 248, 254 (1981), that inference has been successfully rebutted by defendants.
 
 
 4
 In Burdine, supra, the Supreme Court held that a prima facie case may be successfully rebutted by "articulat[ing] a legitimate, non-discriminatory reason for the employee's rejection." Id. at 253. Roanoke Memorial has met this burden by showing that Wilson's falsification of vital records was cause for her discharge. The de bene esse deposition of Ms. Weaver, a supervising nurse the day in question, which was introduced at trial, provides support for the hospital's contention that Wilson had shirked her responsibilities on the day in question.
 
 
 5
 The defendant, having carried its burden of rebutting the charge of discrimination with a legitimate, non-discriminatory reason for the discharge, cast upon the plaintiff the burden of proving, by a preponderance of the evidence, that the reasons advanced by defendant were merely a pretext for discrimination. Burdine, 450 U.S. at 253.
 
 
 6
 Wilson attempts to show pretext by pointing to several nurses, all of whom are white, who committed serious medical errors but who were not discharged from Roanoke Memorial. She successfully identifies several employees of the hospital who had drug problems. However, defendant differentiates those cases from Wilson's. For example, in the case of one employee whom Wilson identified as having had drug problems which caused her to make medical errors, the hospital first attempted rehabilitation. When that did not work, she was in fact terminated. Another employee was thought to have had mental problems which affected her work. Ms. Speese, a former L.P.N. at Roanoke Memorial, testified at a hearing on defendant's summary judgment motion that this person, too, was given assistance by the hospital before she eventually left her job. The record supports a finding that, although there were other employees who made various medical errors, they were either terminated, quit, or were assisted by the hospital to combat the cause of their errors. There is no reason appearing in the record for Wilson's error in failing to chart the vital signs and, later, falsifying them.
 
 
 7
 Wilson has not come forward with any direct evidence that her discharge was motivated by discrimination or that the incident involving the falsification of records was a pretext for unlawful discrimination. Therefore, the decision of the district court is affirmed. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.[2]
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Wilson also brought a claim under 42 U.S.C. Sec. 1981. On defendant's motion for summary judgment, that part of her claim was dismissed. (Vol. I, R. 20; Vol. II, transcript of hearing on motion for summary judgment). The Sec. 1981 claim is not at issue on appeal
 
 
 [2]
 We note that the findings of fact and conclusions of law were stated by the district court from the bench and no transcript has been submitted on appeal. Wilson does not, however, in her informal brief, take issue with the findings of the district court, and, hence, we do not believe that a transcript is necessary. There is sufficient evidence in the record now before us to support a finding for defendant in this case